Facts might be so notorious as to create a fair presumption that they had come to the defendant's knowledge, although he could not prove this by direct evidence. If the defendant had claimed to present to the jury this point, and to urge them to consider whether the defendant, under the circumstances had not heard the circumstances which might mitigate the damages, he should have called the attention of the court specially to that point, and should have requested a charge thereupon.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.

---

## WILLIAM WALSH, APPELLANT, v. WILLIAM CORNETT, RESPONDENT.

*Amendments to pleadings — when a refusal to allow them is reviewable on appeal.*

In an action, in a justice's court, by the payee of a promissory note against the maker, the latter, on the return day, set up a general denial, payment and set-off. On the adjourned day he asked to amend his answer by alleging that the note was given on the sale of a horse by the payee to him with a warranty, and setting up a breach thereof, which request was denied. On his application the case was again adjourned. On the next hearing he renewed his motion, which was again denied, and judgment rendered against him.

*Held*, that as there was nothing to show the proposed defence to be false, untrue, or put in for delay or vexation, it was error to deny his motion to amend, and that such error was reviewable on appeal.

APPEAL from a judgment of the County Court of Clinton county, reversing a judgment of a justice of the peace in favor of the plaintiff.

The action was on a promissory note made by the defendant to the plaintiff. The answer interposed on the day of the return of

the summons was : (1.) General denial. (2.) Payment. (3.) Set-off for property sold and delivered, and for work, labor and services. On the adjourned day the defendant moved to be allowed to amend his answer by setting up the further defence, that the note was given on the purchase of a horse by the defendant from the plaintiff; that the horse was warranted by the plaintiff on the sale to be true in harness and but nine years old; whereas the horse was not true, and was nineteen years old and not worth to exceed ten dollars. The motion to amend was denied. Thereupon another adjournment was granted on the defendant's application; on the second adjourned day the defendant again moved to be allowed to amend his answer as on the former day. The motion was again denied. The plaintiff had judgment before the justice, which was reversed on appeal to the County Court. The plaintiff thereupon appealed to this court.

*B. M. Beckwith,* for the appellant. The motion to amend is addressed to the sound discretion of the court and is not a matter of right. (*Hatfield* v. *Secor,* 1 Hilt., 536; *Jackson* v. *Smith,* 6 Cow., 39; *White* v. *Stevenson,* 4 Den., 193; *Mosher* v. *Lawrence,* 4 id., 419; *Tattersall* v. *Hase,* 1 Hilt., 56; 2 Wait's Law and Practice, 76.)

*Wm. R. Jones,* for the respondent. The judgment of the County Court reversing the judgment of the justice was right, and should be affirmed by this court. (§ 64, sub. 11, old Code; *Wood* v. *Shultis,* 4 Hun, 309; *Leonard* v. *Foster,* 7 id., 464; *Bigelow* v. *Dunn,* 36 How., 120; *S. C.,* 53 Barb., 570; *Brown* v. *Leigh,* 49 N. Y., 78.)

BOCKES, J.:

The amendment of the pleading asked for presented a meritorious defence, and the court was not at liberty to say that it could not be established by proof on the trial. It was equally meritorious as a defence as would have been an answer of payment or set-off. The admission of the alleged defence was therefore in furtherance of justice; and the amendment should have been allowed. The authority for allowing amendments is unquestionable.

This authority has always been recognized, and is expressly conferred on the court, when substantial justice will be promoted by the proposed amendment. (See Code, sec. 64, sub. 11.) It is urged that the allowance or disallowance of the amendment was in the discretion of the justice, hence cannot be made ground of error on appeal. Whatever may have been the rule prior to the Code, it is now settled that an amendment of a pleading is not only authorized, but must be granted by the court if it can be seen that substantial justice will be promoted thereby. This is decided in *Wood* v. *Shultis* (11 N. Y. S. C. [4 Hun], 309). It is there decided that the word " may " should be construed to mean "shall" in subdivision 11 of section 64 above cited. The learned judge there says : That where a power is conferred by the statute for the promotion of justice, suitors have a right to insist upon the exercise of it in a proper case, that in such case the exercise of the power is not wholly discretionary. In most cases where discretion is given, it must be exercised according to legal and just rules, and in a proper case an unjust exercise of it is error.

If it be made apparent that the application is not *bona fide*, or will work injustice in any way, it should be denied absolutely, or granted on such terms as would fully protect the rights of the objecting party. It is here urged that the application to amend was interposed merely for delay. This suggestion is not supported by the record. It does not appear that the proposed amendment would, if granted, have caused delay. No delay was asked for in connection with the offer to amend. Besides an adjournment was granted following the motion to amend. But delay might have been refused on allowing the amendment if the circumstances indicated sinister action in that regard. The amendment, then, should have been allowed, and delay denied if unfairly claimed. The case comes directly within the decision in *Wood* v. *Shultis* (*supra*), with which decision we are entirely satisfied.

The judgment of the County Court must be affirmed, with costs.

LEARNED, P. J.:

I concur in the result of this opinion, but I cannot say that a justice is always obliged to permit a party to amend a pleading.

It does not follow that substantial justice will be promoted by allowing a defendant, whenever he chooses, to set up any new matter which he may wish, without giving any respect to the question whether the new matter is alleged for delay or in good faith. If such were the rule there might be no end to the delay which could be caused by ingenious counsel.

BOARDMAN, J.:

I concur in the result on the same ground as Judge LEARNED. There was nothing in this case to show the proposed defence false, untrue or put in for delay or vexation. On the slightest evidence of that character I should sustain the justice in rejecting the amendment. Otherwise parties should be allowed to make the pleadings according to facts.

Judgment affirmed, with costs.